UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE J. CURTIS,<br><br>         Plaintiff,<br><br>    v.<br><br>BCI COCA-COLA ENTERPRISES BOTTLING COMPANIES,<br><br>         Defendant.<br>_____/ | Case No. 1:13-cv-1939 AWI-BAM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S PRO HAC VICE APPLICATION<br><br>(Doc. 29). |

Defendant BCI Coca-Cola Bottling Company of Los Angeles[1] ("Defendant") moves the Court to revoke the pro hac vice application of Amy C. Rossitto to act as counsel for Plaintiff Maurice J. Curtis ("Plaintiff"). Plaintiff opposes the motion. (Doc. 31). The Motion was heard on September 5, 2014, at 9:00 AM, before the United States Magistrate Judge Barbara A. McAuliffe. Counsel Amy Rossitto and Jennifer Synder appeared by telephone on behalf of Plaintiff. Counsel Sabrina Beldner appeared in person on behalf of the Defendant. Having considered the moving papers, argument presented at the hearing, as well as the Court's file, the motion is GRANTED.

**A.    Background of Dispute**

On August 7, 2014, Plaintiff filed a pro hac vice application on behalf of Amy Rossitto. (Doc.

---

[1]    Defendant notes that it was erronesouly sued as "Coca-Cola Enterprises Bottling Companies."

1

1  23). Ms. Rossitto, a licensed Illinois attorney, was permitted to appear before this Court pro hac vice
2  on August 8, 2014. Defendant challenges Ms. Rossitto's pro hac vice application for several reasons,
3  but primarily on the grounds that Ms. Rossitto's application is in violation of the express requirements
4  of Local Rule 180(b) (2). Defendant contends that Ms. Rossitto is not entitled to pro hac vice status
5  under Local Rule 180(b)(2) because she: (1) resides in California; (2) is employed in California; and
6  (3) is regularly engaged in professional activities in California.

7  More specifically, Defendant argues that Ms. Rossitto's pro hac vice application states, under
8  penalty of perjury, that she is a resident of Fremont, California currently employed by and providing
9  professional services for the Law Offices of Jennifer R. Snyder, located in Newark, California. (Doc.
10  23). Defendant further contends that since at least June 17, 2014 (or the last two months), Ms.
11  Rossitto has been regularly corresponding with Defendant's counsel regarding Plaintiff's case by
12  email using the Administrator@jrslawoffices.com e-mail address, which contains a signature block
13  entitled "The Law Offices of Jennifer R. Snyder." Id. at ¶¶ 6-10 and Exhs. 5-8.

14  Plaintiff responds that Ms. Rossitto's application is in compliance with Local Rule 180(b)(2)
15  because Ms. Rossitto (1) is not a California resident as she lives here merely on a temporary basis; (2)
16  is not regularly employed in California because she works as an independent contractor for the Law
17  Offices of Jennifer Snyder; and (3) she primarily works on the underlying case and thus she is not
18  "regularly engaged" in professional activities in California. Additionally, Plaintiff argues that this
19  Court lacks discretion to deny Attorney Rossitto's application for pro hac vice admission. (Doc. 31 at
20  3), citing *In re Evans*, 524 F.2d 1004, 1006 (5th Cir. Miss. 1975); *McKenzie v. Burris*, 255 Ark. 330,
21  344, 500 S.W.2d 357, 366 (1973) (trial court may not impose "arbitrary numerical limitation on the
22  number of [pro hac vice] appearances by an attorney" with expertise in the relevant area), among other
23  cases.

24  **B.  Legal Standard**

25  Admission to appear pro hac vice in an action pending in the Eastern District of California is
26  governed by Local Rule 180. Pursuant to Local Rule 180, an attorney who is a member in good
27  standing and eligible to practice before the Bar of any of the United States Court or of the highest
28  Court of any State may in a particular case be permitted to practice within this judicial district on a pro

hac vice basis upon application and discretion of this Court. However, Local Rule 180(b)(2) specifically prohibits an attorney from being admitted pro hac vice if any one or more of the following apply:

> (i) the attorney resides in California, (ii) the attorney is regularly employed in California; or (iii) the attorney is regularly engaged in professional activities in California.

An attorney who seeks pro hac vice status shall present to the Clerk an application stating the following:

> (i) the attorney's residence and office addresses, (ii) by what courts the attorney has been admitted to practice and the dates of admissions, (iii) a certificate of good standing from the court in the attorney's state of primary practice, (iv) that the attorney is not currently suspended or disbarred in any court, and (v) if the attorney has concurrently or within the year preceding the current application made any other pro hac vice applications to this Court, the title and number of each action in which such application was made, the date of each application, and whether each application was granted.

**C. Analysis**

In her application for pro hac vice status, Ms. Rossitto represented to the Court that she resides in California and that is she is currently employed by the Law Offices of Jennifer R. Snyder, also located in California. In her response to the Motion, however, Ms. Rossitto explains that her application does not run afoul of Local Rule 180 because she is not a resident of California. In her supporting declaration, Ms. Rossitto explains that she does not meet "any of the indicia necessary to be considered a resident of the State of California." (Doc. 31 at 6). Ms. Rossitto claims that she is a permanent Illinois resident. She explains that she moved to California in May 2014 on a temporary basis for her husband's employment. Together with her husband, Ms. Rossitto lives in a hotel in Freemont, California; she does not own property in California; and all of her personal property remains in Chicago, Illinois.

As filed, Plaintiff's pro hac vice application expressly violates Local Rule 180(b)(2) for several reasons. First, while Ms. Rossitto argues otherwise, there is no credible dispute that she is currently living in Freemont, California as Ms. Rossitto expressly so states under penalty of perjury in her pro hac vice application. While Plaintiff now claims that Ms. Rossitto lives temporarily in a "hotel," by her own sworn admission, Ms. Rossitto is residing in California. Candor before this Court required Ms. Rossitto to disclose her full status upon application.

   Second, Ms. Rossitto's pro hac vice application states that she is employed in California. Ms. Rossitto states in her pro hac vice application, under penalty of perjury, that her "business address" is the Law Offices of Jennifer R. Snyder, located in Newark, California. (Doc. 23). Defendants have also produced evidence establishing that Ms. Rossitto is "regularly employed" in the State of California. Defendant points to firm website for the Law Offices of Jennifer R. Snyder where "Amy C. Rossitto, Esq." is listed on the home page along with the other non-staff employees. Furthermore, Ms. Rossitto also represents in the signature block of her e-mail communications to both Defendant's counsel and to the Court that she is employed at the Law Offices of Jennifer R. Snyder and employed there as a "Paralegal-California." Beldner Decl., ¶¶ 6-10, Exhs. 5-8. Although Plaintiff responds that Ms. Rossitto is an independent contractor and not an employee, that is a distinction without a difference for the purposes of Local Rule 180. Plaintiff cannot have it both ways. Ms. Snyder should not be permitted to selectively label Ms. Rossitto as an "independent contractor" for the purposes of this motion while simultaneously presenting her as an attorney employed with her law firm. Nonetheless, the point is that she is "employed" in California – either as an independent contractor or as an employee – for the purpose of providing legal services.

   Next, e-mail communications between Ms. Rossitto and Defendant's counsel and among Ms. Rossitto and the Court establish that Ms. Rossitto is regularly engaged in professional legal activities in California. See Beldner Decl. at ¶ X. Ms. Rossitto began communicating on behalf of Plaintiff in this case as late as June 17, 2014 when Defendant's counsel began regularly receiving correspondence regarding the case from Ms. Rossitto. Prior to her pro hac vice admission, Ms. Rossitto identified herself as a "Paralegal-California." Purportedly, by identifying herself as paralegal and not an attorney, Ms. Rossitto seeks to avoid the implication that she is engaged in professional activities with her law firm. Although Ms. Rossitto argues that she is not engaged in business activities in California other than the services she provides for Jennifer Snyder, Esq, those services constitute regular professional activities. In short, Ms. Rossitto's "job" in California is with the Law Office of Jennifer Snyder. Ms. Rossitto admits that she not only provides assistance in the instant matter, but she also provides assistance to Ms. Snyder on other matters as well. (Doc. 31 at 7). Accordingly, the Court finds that Ms. Rossitto regularly engaged in the provision of professional services in California in

violation of Local Rule 180(b)(2)(iii).

Lastly, Plaintiff's argument that the Court lacks discretion to revoke her pro hac vice status carries no weight. The Supreme Court has observed, approvingly, that "in many District Courts, the decision on whether to grant pro hac vice status to an out-of-state attorney is purely discretionary." *Roma Constr. Co. v. Russo*, 96 F.3d 566, 576-77 (1st Cir. 1996) (*quoting Frazier v. Heebe*, 482 U.S. 641, 651 n. 13, 107 S.Ct. 2607, 2614 n. 13, 96 L.Ed.2d 557 (1987)); *see also In re Clark*, 861 F.2d 263, 1988 WL 105310, at *3 (4th Cir. 1988) (unpublished table opinion) (affirming a district judge's revocation of an attorney's pro hac vice status for failing to attend trial). This District is not an exception to that principle. Here, the Local Rule confers the Court with discretion to grant or deny pro hac vice admission. See L.R. 180(b)(2) ("upon application and in the discretion of the Court, [an attorney may] be permitted to appear and participate in a particular case.") Further, district courts have broad discretion over the application of its own local rules and may deviate "where the effect is so slight and unimportant that the sensible treatment is to overlook [it]." *Professional Programs Group v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994); *United States v. Simmons*, No. CV F 96-5948 AWI SMS, 2002 U.S. Dist. LEXIS 20038, 2002 WL 31471419, *2 n.1 (E.D. Cal. Aug. 13, 2002).

Moreover, it is axiomatic that the Court has authority to enforce its local rules. 28 U.S.C. §2071. Local Rule 110 states: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." A district court's compliance with local rules is reviewed for abuse of discretion, and broad deference is given to a district court's interpretation of its local rules. *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007).

Here, Ms. Rossitto's legal practice while residing in the State of California leaves the Court with no other recourse but to revoke her pro hac vice status. Any one of the factors in Rule 180(b)(2) would warrant revoking the pro hac vice status, but here, the Court finds all three criteria have been shown. L.R. 180(b)(2) (i)-(iii). The Latin phrase pro hac vice means: "For this occasion or particular purpose." Black's Law Dictionary, 1331 (9th ed. 2009). This phrase "usually refers to a lawyer who has not been admitted to practice in a particular jurisdiction but who is admitted there temporarily for the purpose of conducting a particular case." *Id.*; *Eagle Ins. Co. v. Johnson*, 982 F. Supp. 1456, 1459

(M.D. Ala. 1997) (citation omitted), *aff'd,* 162 F.3d 98 (11th Cir. 1998). It is of special importance that the Supreme Court has described pro hac vice attorneys as "[o]ne-time or occasional practitioners . . . ." *Frazier v. Heebe,* 482 U.S. 641, 651 n. 13 (1987)).

From a broader perspective, the application to appear pro hac vice is a requirement which is designed to protect the integrity of the Court and to allow courts to enforce the standards which they have adopted for admissions of attorneys to practice on a case-by-case basis. Absent a properly admitted pro hac vice applicant, an attorney may be engaging in the unauthorized practice of law. Cal.Bus.&Prof.Code §6125 ("No person shall practice law in California unless the person is an active member of the State Bar.")  The Supreme Court has explained that the "interest of the States in regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been 'officers of the courts.'" *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 792, 95 S.Ct. 2004 (1975); *see Gerhard v. Stephens*, 68 Cal.2d 864, 918, 69 Cal.Rptr. 612, 442 P.2d 692 (1968) (California prohibits the unauthorized practice of law in order "to afford protection against persons who are not qualified to practice the profession."). California has a substantial interest in regulating the legal profession and the attorneys who practice within the state. A person who has a legal job in California, and for all practical purposes, resides in California and has her sole source of income in California, cannot practice law without appropriate state licensure.

At the hearing, Ms. Rossitto asked to amend the pro hac vice application to reflect more accurately her living situation and employment. Based upon the facts currently before the Court, the Court denies this request.

Ms. Rossitto's employment with the Law Offices of Jennifer Snyder renders her incompatible for pro hac vice. As an attorney currently living and practicing in California for a possibly temporary but undefined time period, the Court cannot say that her appearance in this case is strictly "for [the] occasional purpose" of the underlying case.

////

////

////

////

**ORDER**

The pro hac vice status of Attorney Amy Rossitto is REVOKED with prejudice.

IT IS SO ORDERED.

Dated: **September 5, 2014**          /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE