1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10        FOR THE EASTERN DISTRICT OF CALIFORNIA

11  MAURICE J. CURTIS,                     Case No. 1:13-cv-1939 AWI-BAM

12          Plaintiff,                     ORDER GRANTING DEFENDANT'S
                                           MOTION TO STRIKE JURY DEMAND
13      v.

14  BCI  COCA-COLA ENTERPRISES
    BOTTLING COMPANIES,
15
            Defendants.
16                                    /

17

18       Defendant BCI Coca-Cola Bottling Company of Los Angeles ("Defendant") moves the Court

19  to strike Plaintiff Maurice J. Curtis' jury demand. (Doc. 13).  The Court deemed the matter suitable

20  for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing.  Having

21  considered the parties' respective arguments, and for the reasons discussed below, Defendant's Motion

22  to Strike is GRANTED and Plaintiff's Jury Demand is STRICKEN. (Docs. 4, 13).

23                              **BACKGROUND**

24       On October 10, 2013, Plaintiff filed his initial employment discrimination complaint in the

25  Fresno County Superior Court, which did not contain a jury demand.  Defendant filed and served its

26  answer on November 26, 2013, and on the basis of diversity jurisdiction, subsequently filed and served

27  its Notice of Removal of this action to federal court on November 27, 2013.  (Doc. 1).   On January

28  24, 2014, Plaintiff filed in the Fresno County Superior Court a check-box state court case management

1

1   statement, which included a request for a jury trial in this matter. (Doc. 20-1), Exhibit B at pg. 8.  Four

2   days later, on January 28, 2014, Defendant filed a Notice of Removal with the Fresno County Superior

3   Court clerk.  (Doc. 20-1), Exhibit A at pg. 2. On February 12, 2014, Plaintiff filed a demand for a jury

4   trial in this Court (Doc. 4), which Defendant claims is untimely.  The issue was discussed briefly at the

5   April 10, 2014 initial scheduling conference. At that time, Plaintiff represented to this Court that he

6   properly made and preserved his right to a jury trial while this action was still pending in the state

7   court. Defendant disagreed. The parties were instructed to file a motion if a resolution could not be

8   reached.  The instant Motion followed.

9                                             **DISCUSSION**

10          **A.      Legal Standard**

11          Generally, when in federal court, a party may demand a jury trial by properly serving the other

12   parties with a written demand no later than fourteen (14) days after the last pleading directed to the

13   issue is served. Fed. R. Civ. P. 38(b). "[T]he purpose of a jury demand is to inform the court and

14   opposing counsel that certain issues will be tried to a jury." *Lutz v. Glendale Union High Sch.*, 403

15   F.3d 1061, 1065 (9th Cir. 2005). At a minimum, courts "insist . . . that the jury demand be sufficiently

16   clear to alert a careful reader that a jury trial is requested . . . ." *Id.* at 1064. "A party waives a jury trial

17   unless its demand is properly served and filed." Fed. R. Civ. P. 38(d). However, the court "'indulge[s]

18   every reasonable presumption against waiver' of the jury trial right." *Lutz,* 403 F.3d at 1064 (*quoting*

19   *Aetna Ins. Co. v. Kennedy ex rel. Bogash*, 301 U.S. 389, 393 (1937)).

20          Federal Rule of Civil Procedure 81 governs jury demands in a removed action. Fed. R. Civ. P.

21   81(c)(3). Under Rule 81, "a party [is] entitled to a jury trial . . . if the party serves a demand within 14

22   days after" removal. *Id.* "[F]ailure to make a timely jury trial request in federal court . . . ordinarily

23   mean[s] that [the party] waived [the] right to trial by jury." *Lutz*, 403 F.3d at 1063 (citation omitted).

24   "However, Rule 81(c) provides two possible avenues around waiver in removal cases": (1) if the party

25   "made a proper jury request under state law before the case was removed," *id.* (emphasis in original)

26   (citing Fed R. Civ. P. 81(c)); or (2) "if [the] state complaint already contained a jury demand that

27   would have satisfied Rule 38(b)," *id.* at 1064 (citations omitted).

28          Additionally, the court in its discretion "may, on motion, order a trial by a jury of any or all

issues." Fed. R. Civ. P. 39(b); *see also Lewis v. Time, Inc.*, 710 F.2d 549, 556 (9th Cir. 1983) ("The district court, in its discretion, may order a jury trial on a motion by a party who has not filed a timely demand for one." (citation omitted)), *overruled on other grounds by Unelko Corp. v. Rooney*, 912 F.2d 1049, 1052–53 (9th Cir. 1990). Notwithstanding the court's discretion, "[a]n untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown." *Pac. Fisheries Corp. v. H.I.H. Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001) (citations omitted); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1086 (9th Cir. 2002) (denying pro se's untimely jury demand). Absent such a showing, granting an untimely jury demand constitutes an abuse of discretion. *Lutz*, 403 F.3d at 1065 n.4 (citation omitted).

**B.     The Parties' Positions**

Defendant moves to strike Plaintiff's jury demand on the grounds that Plaintiff's waived his right to a jury trial by failing to file his jury demand within fourteen (14) days of Defendant's November 27, 2013, notice of removal. Defendant concedes that it did not file a notice of removal with the clerk of the state court as required by subsection 1446(d) until January 28, 2014. However, Defendant contends that removal was effective upon filing the petition in federal court on November 27, 2013, and therefore, both Plaintiff's February 12, 2014 demand for a jury trial filed in federal court and Plaintiff's January 24, 2014 request for a jury trial in state court were untimely.

Plaintiff responds that he is entitled to a jury trial because his jury demand was timely made in state court on January 24, 2014, prior to Defendant's effective removal.  According to Plaintiff, because his jury demand was filed in state court prior to Defendant's January 28, 2014 notice to state court, Plaintiff was not required to renew his jury demand in this Court.  *See* Fed. R. Civ. P. 81(c)(3)(A). Plaintiff concedes that he did not demand a jury trial in the initial Complaint that he filed in state court, nor did he file a jury demand in this court within fourteen days after being served with notice of removal. Instead, Plaintiff argues that his state-filed January 24, 2014, demand for a jury trial was timely under the Rule 81 exception.  Rule 81(c)(3)(A) excuses a party from Rule 81(c)'s fourteen-day requirement if the party "made a proper jury request under state law before the case was removed." *Lutz*, 403 F.3d at 1063 (emphasis in original) (citing Fed. R. Civ. P. 81(c)).

1

**C.     Timeliness of Plaintiff's Jury Demand**

2     Defendant filed its Notice of Removal of this action to federal court on November 27, 2013.

3 (Doc. 1).   On that same date, Defendant served its Notice of Removal by mail on Plaintiff's counsel,

4 Jennifer Snyder.  (Doc. 1 at 45).

5     Pursuant to Federal Rule of Civil Procedure 38(b), a party may demand a jury trial on any issue

6 triable by a jury by serving the other parties with a written demand "no later than fourteen days after

7 the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b).[1]  A party waives the right to a

8 jury trial under Rule 38 unless the demand is properly served and filed. Fed. R. Civ. P. 38(d); *Solis v.*

9 *Cnty. of Los Angeles*, 514 F.3d 946, 953-54 (9th Cir. 2008).  When a case is removed from state court,

10 Rule 81 states that if the initial pleadings served and filed at the time of removal do not include a jury

11 demand, a party desiring a jury trial must file a demand within fourteen days after being served with

12 the notice of removal. Fed. R. Civ. P. 81(c)(3)(B)(ii).

13     Here, Plaintiff was served with the Notice of Removal on November 27, 2013.  The time to

14 make a jury demand in federal court runs from service of the removal petition filed in federal court,

15 not from the time that notice of the removal is provided to the state court from which the case is

16 removed. Fed. R. Civ. P. 81(c)(3)(B)(ii).  Rule 81(c)(3)(B) states that a party must file a jury demand

17 within the fourteen days after the party "is served with a notice of removal."  Fed. R. Civ. P.

18 81(c)(3)(B)(ii).  Defendant filed and served its Notice of Removal on November 27, 2013, and

19 Plaintiff had fourteen days from that date in which to file and serve his jury demand.  Plaintiff failed to

20 do, and therefore Plaintiff's jury demand was untimely.

21

**D.     Defendant's Notice of Removal was Defective but Effective**

22     Plaintiff contends that Defendant's petition for removal, pursuant to 28 U.S.C. § 1446(d), was

23 not effective until January 28, 2014—the day Defendant filed a copy of its Notice of Removal with the

24 Fresno County Superior Court clerk.  (Doc. 20 at 7).   Section 28 U.S.C. § 1446(d), states that

25 "[r]emoval is effect[ive] only after Defendant takes three procedural steps including: (1) filing a notice

26

---

27     [1]     Fed R. Civ. 38(b) states in relevant part "on any issue triable of right by a jury, a party may demand a jury trial
by (1) service the other parties with a written demand—which may be included in a pleading—no later than 14 days after
28 the last pleading directed to the issue is served…"

of removal in the federal court, (2) filing a copy of this notice in the state court, and (3) giving prompt written notice to all adverse parties." 14C Wright, Miller, & Cooper, FEDERAL PRACTICE AND PROCEDURE § 3737; *see also* 28 U.S.C. § 1446(d).  In Plaintiff's view, Defendant's removal was not effective until after Defendant took all three procedural steps of removal, including filing a copy of the notice of removal in the state court.  Plaintiff argues that since Defendant did not file in state court a copy of the Notice of Removal until January 28, 2014, removal was not complete until that date. Plaintiff argues that the fourteen-day time clock began to run not from the date Defendant served its Notice of Removal on November 27, 2013, but rather from the date the Notice of Removal was filed in state court.

This Court previously denied a Plaintiff's similar argument in *Gutierrez v. Empire Mortg. Corp*., 2010 U.S. Dist. LEXIS 47358, *5 (E.D. Cal. Apr. 20, 2010) (Ishii, J.). In *Gutierrez*, the Court examined whether removal to federal court is effective when the removing party neglects to file a notice of removal with the Clerk of the state court.  The *Gutierrez* Court rejected the argument advanced by Plaintiff here and held that the filing of the notice of removal in federal court—while not providing notice to the state court clerk—confers jurisdiction on the federal court.  Relying on *Miller v. Aqua Glass, Inc*., 2008 U.S. Dist. LEXIS 55228, **3-5 (D. Or. July 21, 2008),[2] the *Gutierrez* Court examined the "split of authority on whether the federal court obtains jurisdiction immediately upon the filing of the Notice of Removal with the clerk of the federal court, or only after all three [procedural removal] steps are completed." *Gutierrez,* 2010 U.S. Dist. LEXIS 47358, at *5. The Court noted that in *Miller,* the Oregon court rejected the view that "removal is not effective until all the steps required by the federal statute have been taken by the defendant" *Id.* (*citing* FEDERAL PRACTICE AND PROCEDURE, § 3737). The *Miller* court instead endorsed an approach set forth in 16 Moore's Federal Practice—Civil § 107.31, which opines that "[w]hen a defendant files a notice of removal in federal court and sometime later files the notice in state court, the two courts share concurrent jurisdiction until the notice is filed in state court, which divests the state court of jurisdiction." *Miller*, 2008 U.S.

---

[2]    In *Gutierrez*, the Court noted that *Miller v. Aqua Glass, Inc.* was the only case the court could find that directly confronts the issue of whether removal is effective where the removing party neglects to file a notice of removal with the clerk of the state court.

1    Dist. LEXIS 55228, at *2.  Finding *Miller* persuasive, the *Gutierrez* Court adopted *Miller's* reasoning

2    and concluded that a notice of removal filed by Defendants in this Court was sufficient to bestow

3    jurisdiction on this court.  *Gutierrez*, 2010 U.S. Dist. LEXIS 47358, *5.

4           Consistent with the rationale in *Gutierrez*, this Court obtained jurisdiction with the filing  of

5    the Notice of Removal.   Once this Court obtained jurisdiction, albeit concurrent jurisdiction with state

6    court, the Federal Rules of Civil Procedure control the manner in which a federal action is handled,

7    included requesting a jury trial. Fed.R.Civ.P. 1 ("These rules govern the procedure in all civil actions

8    and proceedings in the United States district courts.")   Even if Defendant failed to file its notice with

9    the state court clerk, service of Defendant's Notice of Removal on Plaintiff commenced the fourteen-

10   day clock for Plaintiff's jury demand because this Court has jurisdiction over the matter.  Fed. R. Civ.

11   P. 81(c)(3)(B); *Gutierrez*, 2010 U.S. Dist. LEXIS 47358 at *7 (the accepted rule in this district is that

12   a "defective removal is effective, although it may be still be susceptible to a motion to remand.").

13   Thus, despite Defendant's late notice of removal in state court, Defendant's filing in this Court and

14   service on Plaintiff of a timely and properly-supported Notice of Removal commenced the federal

15   court action such that "the district court had jurisdiction over it." *See also Wasserman v. Rodacker*,

16   557 F.3d 635, 638 (D.C. Cir. 2003) (declining to invalidate a timely-filed and properly supported

17   notice of removal because filing attorney previously had not filed a notice of appearance, reasoning

18   that it was a "minor procedural defect" and that plaintiff was not prejudiced because she knew of the

19   removal and did not timely object to it).   Therefore, pursuant to Fed. R. Civ. P. 81(c)(3)(B)(ii),

20   Plaintiff was required to serve his jury demand within 14 days after being served with Defendant's

21   November 27, 2013 Notice of Removal for such demand to be timely.  Plaintiff's January 24, 2014,

22   state court jury demand and February 12, 2014, jury demand filed here in federal court were thus

23   untimely.

24         **E.      Jury Demand Pursuant to Rule 39(b)**

25         Plaintiff also asks the Court to exercise its discretion in ordering a jury trial pursuant to Federal

26   Rule of Civil Procedure 39(b).  Rule 39(b) states that "[i]ssues on which a jury trial is not properly

27   demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for

28   which a jury might have been demanded." Fed. R. Civ. 39(b).  Plaintiff explains that he failed to file a

timely jury demand, not due to inadvertence, but because Counsel was not authorized to practice in Federal Court at the time this matter was removed.  Plaintiff is correct that the Court, "in its discretion, may order a jury trial on a motion by a party who has not filed a timely demand for one." *Lewis*, 710 F.2d at 556.  However, the Ninth Circuit has consistently held that the district court's discretion under Rule 39(b) is "narrow" and such relief is limited in two respects.  *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins.,* 239 F.3d 1000, 1002 (9th Cir. 2001 ). First, Plaintiff's request should be made in a properly noticed motion, not by way of opposition to Defendant's Motion as Plaintiff has done here.  Second, "[a]n untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown." *Pac. Fisheries Corp*., 239 F.3d at 1002.

Plaintiff has failed to present any evidence demonstrating that Counsel's lack of admission to this district hindered Plaintiff's efforts to provide notice of timely jury demand. Plaintiff did not provide evidence of efforts undertaken to gain admission.  Plaintiff did not provide any supporting evidence establishing when Counsel applied for admission to this district and has not alleged that Counsel was diligent in seeking admission.  Indeed, Admission to the Eastern District of California is not complicated.  Counsel's failure to timely apply to practice this district simply does not warrant any grant of relief by this Court.

Further, Counsel was not precluded from serving Defendant with a jury demand prior to her admission to this Court.  Fed. R. Civ. P. 81(c)(B)(ii) only requires that a party "serve a demand" within 14 days after being served with a notice of removal filed by another party.  There is no evidence from which the Court can conclude that relief is warranted.  Accordingly, the Court  will not exercise its discretion.

///

///

///

///

///

///

///

**CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Strike Plaintiff's demand for a jury trial.  (Doc. 13).  Plaintiff's jury demand filed on February 12, 2014 is HEREBY STRICKEN.  (Doc. 4).


IT IS SO ORDERED.

Dated:   **September 17, 2014**           /s/ *Barbara A. McAuliffe*           _
                                         UNITED STATES MAGISTRATE JUDGE