**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAURICE J. CURTIS,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>BCI COCA-COLA ENTERPRISES BOTTLING COMPANIES,<br><br>　　　　Defendants. | CASE NO. 1:13-CV-1939 AWI-BAM<br><br>ORDER DENYING MOTION TO RECONSIDER. |

BACKGROUND

Plaintiff commenced this action on October 10, 2013, in Fresno County Superior Court (the "State Court"). The complaint filed by Plaintiff in the State Court did not contain a request for a jury trial. (Doc 25 Exhibit A). After filing its answer in the State Court on November 26, 2013, Defendant filed a Notice of Removal to Federal Court with this Court on November 27, 2013. (Doc 25 Exhibit A; Doc 1). Defendant served Plaintiff with a notice of removal the same day. On January 24, 2014, Plaintiff filed a state court case management form statement, which included a request for a jury trial, with the State Court. (Doc 20-1).

On January 28, 2014, Defendant filed a Notice of Removal with the State Court. (Doc 25 Exhibit E). On February 12, 2014, Plaintiff filed a demand for a jury trial in this Court. (Doc 4). Defendant filed a Motion to Strike the Jury Demand, contending that the removal was effective on November 27, 2013, and therefore, Plaintiff's demand for a jury trial was untimely. (Doc. 13).

Plaintiff disputed the date of removal, arguing that removal was not effective until Defendant filed its Notice of Removal with the State Court on January 28, 2014. (Doc 20) Citing

1  the January 28, 2014, removal date, Plaintiff argued his January 24, 2014, request for a jury trial
2  preceded the removal for purposes of Federal Rules of Civil Procedure 81(c)(3)(A). (Doc. 20).
3      After receiving briefs from both sides, the Magistrate Judge found that the case had been
4  removed on November 27, 2013, when Defendant filed the notice of removal in federal court and
5  gave Plaintiff notice. On September 17, 2014, the Magistrate Judge entered an order granting
6  Defendant's Motion to Strike the Jury Demand. (Doc. 36).  Plaintiff then filed the pending motion
7  for reconsideration on September 22, 2014.  (Doc. 38).

## STANDARD OF REVIEW

11  This Court has jurisdiction over this action pursuant to 28 United States Code § 1332(a),
12  because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest
13  and costs, and there is complete diversity between the parties. (Doc 1) 28 U.S.C. § 1332(a). A
14  court may refer pretrial issues to a Magistrate Judge under 28 U.S.C §636(b)(1).  Bhan v. NME
15  Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). A party may ask for reconsideration of the
16  Magistrate Judge's non-dispositive ruling pursuant to Rule 72(a) of the Federal Rules of Civil
17  Procedure. Johnson v. Evans, 473 Fed.Appx. 786, 787 (9th Cir. 2012). We review a Magistrate
18  Judge's ruling on a non-dispositive pretrial ruling under a clearly erroneous or contrary to law
19  standard. Fed. R. Civ. P. 72(a), Local rule 303. A clear error review is "significantly deferential,
20  requiring a definite and firm conviction that a mistake has been committed." Security Farms v.
21  Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1014 (9th Cir. 1997)
22  (quoting  Exxon Co. v. Sofec Inc., 54 F.3d 570, 576 (9th Cir.1995), aff'd, 517 U.S. 830, 116 S.Ct.
23  1813, 135 L.Ed.2d 113 (1996)). An order is contrary to law when it fails to apply or misapplies
24  relevant statutes, case law, or rules of procedure." Castro v. City of Mendota, No. 1:10-CV-618
25  AWI BAM, 2012 WL 4344087, at 1 (E.D. Cal. Sept. 20, 2012) (citations omitted).
26  ////
27  ////
28  ////

LEGAL STANDARD

"A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so . . . . " Fed. R. Civ. P. 81(c)(3)(A).  "Under Rule 38. If all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after 1) it files a notice of removal; or 2) it is served with a notice or removal filed by another party." Fed. R. Civ. P. 81(c)(3)(B)

DISCUSSION

A.  CASE WAS REMOVED ON NOVEMBER 27, 2013.

Plaintiff contends that Defendant did not file a notice of removal with the State Court as required by 28 U.S.C. 1446(d) on November 27, 2013, and removal was not effective until it filed the required notice in the State Court on January 28, 2014.  As the Magistrate Judge pointed out, this Court has already addressed this issue, and found "that the notice of removal filed by Defendants in this court is sufficient to have bestowed jurisdiction on this court." Gutierrez v. Empire Mortgage Corp., CVF10-0079 AWI GSA, 2010 WL 1644714 (E.D. Cal. Apr. 21, 2010). In Gutierrez the court held that the failure to file the notice with the state court as required by 28 U.S.C. 1446(d) means "the state court is not obliged under the terms of section 1446(d) to "proceed no further" and consequently shares *concurrent* jurisdiction over the action that was removed." Id, (emphasis added).  Under the facts of this case, the state court may have had jurisdiction until the formal notice of removal on January 24 2014. However, because the case had been removed to the federal court for the purposes of federal law on November 27, 2013, the State Court's jurisdiction would have been concurrent with this Court's jurisdiction.

////

B.  JURY DEMANDS IN REMOVED CASES.

Plaintiff alleges the Magistrate Judge did not evaluate his claim under Federal Rules of Civil Procedure Rule 81(c)(3)(A) and instead relied only on Rule 81(c)(3)(B). While Rule 38 normally prescribes the requirements for demanding a jury trial, Rule 81(c)(3) modifies the requirements for demanding a jury when the case has been removed from a state court. As previously explained by this Court:

> Pursuant to Federal Rule of Civil Procedure 38(b), a party may demand a jury trial on any issue triable by a jury by serving the other parties with a written demand no later than fourteen days after the last pleading directed to the issue is served. A party waives the right to a jury trial under Rule 38 unless the demand is properly served and filed. When a case is removed from state court, Rule 81 states that, "[a] party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal." Rule 81 also provides that, if the initial pleadings served and filed at the time of removal do not include a jury demand, a party desiring a jury trial must file a demand within fourteen days after being served with the notice of removal.

Ortega v. Home Depot U.S.A., Inc., 2012 WL 77020, at 1 (E.D. Cal. Jan. 10, 2012) (citations omitted).   Because this case was removed from a state court, the Magistrate Judge addressed the requirements of Rule 81(c)(3)(A).  The Magistrate Judge noted on page 3 of her order: "Rule 81(c)(3)(A) excuses a party from 81(c)'s fourteen day requirement if the party made a proper jury request under state law before the case was removed." (Doc. 36) (citations omitted).  Therefore, the Magistrate Judge had considered Plaintiff's claim under Rule 81(c)(3)(A) when she made the determination that the removal date preceded the jury demand date. After determining there was no jury demand prior to removal, the Magistrate Judge looked to Rule 81(c)(3)(B).  Rule 81(c)(3)(B) was proper in this case as the case had been removed from a state court and "all necessary pleadings have been served at the time of removal." Fed. R. Civ. P. 81(c)(3)(B).  The record shows no clear error in the Magistrate Judge's factual determination that all necessary pleadings had been completed prior to the removal of the case.  Therefore, the Magistrate Judge properly found that Rule 81(c)(3)(B) required Plaintiff to have filed his jury trial demand within

1 fourteen days of receiving the notice from Defendant on November 27, 2013.

3  C.  Waiver of right to a jury trial.

5 A party that has failed to file a timely jury demand is deemed to have waived their right to a jury trial. Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd., 239 F.3d 1000, 1003 (9th Cir. 2001). Because Plaintiff did not file a timely jury demand in accordance with Rule 81 or Rule 38, his right to a jury trial is deemed waived.

## CONCLUSION

The Magistrate Judge's order was not contrary to law.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:  November 12, 2014

SENIOR DISTRICT JUDGE

5