1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

MAURICE J. CURTIS,

Case No. 1:13-cv-1939 AWI-BAM

12

Plaintiff,

**FINDINGS AND RECOMMENDATIONS DENYING DEFENDANT'S MOTION FOR CONTEMPT AND FOR SANCTIONS AGAINST NON PARTY MARIO VALDEZ**

13

v.

14

BCI COCA-COLA ENTERPRISES BOTTLING COMPANIES, *et al.*,

15
16

Defendants.

_____/

17
18

    On November 25, 2014, this Court issued an Order to Show Cause ("OSC") why non-party

19

witness Mario Valdez should not be held in civil contempt for failing to comply with a Court order to

20

appear at his deposition pursuant to a deposition subpoena noticed on September 30, 2014. (Doc. 52).

21

A hearing regarding the OSC was held on December 19, 2014 at 9:00 am. Non-party Mario Valdez

22

appeared in person. Counsel Jennifer Snyder appeared by telephone on behalf of Plaintiff Maurice

23

Curtis.  Counsel Lindsay Ryan appeared by telephone on behalf of Defendant BCI Coca-Cola Bottling

24

Company of Los Angeles ("Defendant").  Having reviewed Defendant's motion for sanctions, both

25

Plaintiff and Defendant's supporting declarations, and the oral argument of counsel and non-party

26

Mario Valdez, the Court issues these Findings and Recommendations to the District Court pursuant to

27

28 U.S.C. 636(e)(6).

28

1

**BACKGROUND**

On October 10, 2013, Plaintiff filed this employment discrimination complaint in the Fresno County Superior Court.  Plaintiff's complaint was removed to this Court on November 27, 2013. (Doc. 1). During the course of discovery, Plaintiff produced a "Declaration of Mario Valdez."  Mr. Valdez's declaration states that he was fired after he defended the unfair treatment of Plaintiff Maurice Curtis.

On September 24, 2014, Defendant issued a subpoena for Mr. Valdez to testify at his deposition, which was served on Mr. Valdez on September 30, 2014.  *See* Declaration of Sabrina Beldner ("Beldner Decl."), (Doc. 47-1 at ¶ 4).  Defendant alleges it took seven attempts to effectuate personal service of the deposition subpoena on Mr. Valdez. Beldner Decl. ¶ 3, Doc. 61-1.  The deposition notice commanded Mr. Valdez to testify at his deposition on October 21, 2014, in Fresno, California at 9:00am.  Beldner Decl. ¶ 4, Doc. 47-1.

Mr. Valdez did not object to the subpoena prior to the deposition and Defendant was not notified of any scheduling conflict. Beldner Decl. ¶ 7, Doc. 47-1. Defendant scheduled to take three depositions while in Fresno including the depositions of (1) Plaintiff Maurice Curtis; (2) Don Collins; and (3) Mario Valdez.  Beldner Decl. ¶ 6, Doc. 47-1. Defendant also scheduled a fourth deposition of Todd Henninger in San Francisco the following day, October 22, 2014, at 10:00 am. Beldner Decl. ¶ 4, Doc. 61-1.

Defense counsel arrived in Fresno on October 19, 2014 and began taking depositions on October 20, 2014.  On the morning of October 21, 2014, Plaintiff's counsel arrived for the deposition of Mr. Valdez and immediately notified Defendant that Mr. Valdez "wasn't coming." Beldner Decl. ¶ 11, Doc. 47-1.  Defendant claims that no further explanation was given for Mr. Valdez's absence.  *Id.* During that conversation, Defense counsel also claims that Plaintiff's counsel disclosed that she represents Mr. Valdez with respect to a claim he intends to pursue against Defendant at a later date. *Id.* Mr. Valdez's non-appearance was recorded on the record and Defendant was invoiced for a $198.60 non-appearance fee.

On November 7, 2014, Defendant filed a Motion for an OSC why contempt sanctions should not be issued against non-party witness Mario Valdez. On November 25, 2014, the Court issued an

OSC and instructed Defendant to personally serve Mr. Valdez with a copy of the order. Defendant made five attempts to personally serve Mr. Valdez, which was ultimately unsuccessful, and resulted in Defendant leaving a copy of the motion on Mr. Valdez's door step.

On December 19, 2014, Mr. Valdez appeared at the scheduled OSC hearing.  Mr. Valdez explained that beginning at 8:00am on the date of his deposition he attempted to get in contact with counsel for Defendant to notify her that he would be unable to appear at the time scheduled for his deposition.  Mr. Valdez further explained that something came up at work and he was unable to get away.  When Mr. Valdez was finally able to get a hold of counsel at 11:34 am on the date of his deposition, Defendant declined the opportunity to take his deposition that afternoon.  Since October 21, 2014, Defendants have not made an effort to reschedule Mr. Valdez's deposition.

## LEGAL STANDARD

A court may hold a person in contempt for failing to obey a subpoena F.R.Civ.P. 45(e)  "Even though subpoenas are issued by attorneys, they are issued on behalf of the Court and should be treated as orders of the Court." *Higginbotham v. KCS Int'l, Inc*., 202 F.R.D. 444, 455 (D.Md. 2001) (citing Advisory Committee Notes to Rule 45(a)(1991 amend.) ("Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act of defiance of a court order and exposes the defiant witness to contempt sanctions")); *Halawani v. Wolfenbarger*, No. 07-15483, 2008 WL 5188813, *7 (E.D. Mich. Dec.10, 2008). (same).

A civil contempt sanction is designed to force the  contemnors to comply with an order of the court and thus to affect discovery. *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 207 (1999). Civil contempt in this context consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply. Courts have inherent power to enforce their orders through civil contempt. *See Spallone v. United States*, 493 U.S. 265, 276 (1990) (*citing Shillitani v. United States*, 384 U.S. 364, 370 (1966)). Civil contempt is characterized by the court's desire to compel obedience with a court order, or to compensate the contemnor's adversary for the injuries which result from the non-compliance.  *Falstaff Brewing Corp., v. Miller Brewing Co*., 702 F. 2d 778 (9th Cir. 1983).  A district court has wide latitude in determining whether there has been

a contemptuous defiance of one of its orders. *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir.1992).

"The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *FTC v. Affordable Media*, 179 F. 3d 1228, 1239 (9th Cir. 1999).   Once the moving party meets this standard, the burden shifts to the contemnor to demonstrate that he or she took every reasonable step to comply, and to articulate reasons why compliance was not possible. *See Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir.1983).   To assess whether an alleged contemnor has taken "every reasonable step" to comply with the terms of a court order, the district court can consider (1) a history of noncompliance, and (2) a failure to comply despite the pendency of a contempt motion. *See Stone v. City and County of San Francisco*, 968 F.2d 850, 856-57 (9th Cir. 1992).   A party's subjective intent and willfullness is irrelevant. *See McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949); *Donovan v. Mazzola*, 716 F.2d at 1240.   Thus, the disobedient party's good faith or intent in attempting to comply does not bar a finding of contempt. *See Stone v. City and County of San Francisco*, 968 F.2d at 857.   If, however, "a defendant's action 'appears to be based on a good faith and reasonable interpretation of (the court's order),' he should not be held in contempt." *Vertex Distributing v. Falcon Foam Plastics*, 689 F.2d at 889 (*quoting Rinehart v. Brewer*, 483 F.Supp. 165, 171 (S.D. Iowa 1980)).

Sanctions for civil contempt are imposed to coerce compliance with a court order, to compensate the party pursuing contempt for injuries resulting from the contemptuous behavior, or both. *United States v. United Mine Workers of America*, 330 U.S. 258, 303-04 (1947). "Generally, the minimum sanction necessary to obtain compliance is to be imposed." *Whittaker Corp v. Execuair Corp.*, 953 F. 2d 510, 517 (9th Cir. 1992) citing, *Spallone v. United States*, 493 U.S. 265, 280, 110 S. Ct. 625 (1990).   Where the purpose of the contempt order is to ensure a party's compliance, the court must "consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired." *Bademyan v. Receivable Management Services Corporation*, No. CV-08-00519, 2009 WL 605789 (C.D. Cal. March 9, 2009) *citing Whittaker Corp v. Execuair Corp.*, 953 F. 2d at 516.

**DISCUSSION**

Before an Order of contempt issues, Defendant—the party moving for civil contempt—must first prove that the non-moving party—Mr. Valdez—violated a Court order by clear and convincing evidence. *See In re Dual-Deck Cassette Recorder Antitrust Litig.*, 10 F.3d at 695 (*citing Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982)). The burden then shifts to the non-moving party to demonstrate that he took reasonable steps to comply with the subpoena and explain why his compliance was not possible.   In making a contempt determination, the Court considers the witness's history of non-compliance and the extent to which the witness failed to comply during the pendency of the motion for contempt. Any doubts as to whether these requirements have been met must be resolved in favor of the party accused of the civil contempt.

Turning to the elements that must be established before an contempt order issues, Defendant has established by clear and convincing evidence that Mr. Valdez violated an order of the Court. Here, the subpoena was served on Mr. Valdez on September 30, 2014, and the deposition was scheduled to take place on October 21, 2014.  Beldner Decl. ¶ 6, Doc. 47-1. The deposition transcript demonstrates that Mr. Valdez did not appear for his deposition at the scheduled time and a nonappearance was recorded on the record. As a result, the Court finds that Defendant has met its burden to establish clear and convincing evidence that Mr. Valdez did not appear at the deposition.

 The Court now considers whether Mr. Valdez demonstrates that he took reasonable steps to comply with the subpoena or that compliance was not possible. *Stone*, 968 F.2d at 856. The evidence before the Court indicates that Mr. Valdez called on the day of his deposition and notified all counsel that he would be late due to a conflict at work.  Mr. Valdez further indicated that although he could not arrive at his scheduled time, he offered to testify later that same afternoon, as is evident by the deposition transcript.  Snyder Decl. ¶ 5, Doc. 62.   That offer was declined by defense counsel who was unable to stay due to another deposition of third party witness occurring the next morning in San Francisco.  Beldner Decl. ¶ 4, Doc. 61-1.

At the OSC hearing, Mr. Valdez further stated that before the deposition, he attempted to contact defense counsel to inform counsel of his work conflict.  While defense counsel denies that any

contact was made, "any doubts as to whether [the non-moving party attempted to comply with his obligation] must be resolved in favor of the party accused of the civil contempt." 7 James Wm. Moore et al., *Moore's Federal Practice* § 37.51[7][b], at 37-109 (footnote omitted). Nonetheless, there is no dispute that on the morning of deposition, Mr. Valdez contacted counsel and attempted to reschedule the time of his deposition.

Following the deposition, Mr. Valdez appeared at the vacated hearing on Defendant's Motion for Sanctions. (Doc. 57). Although the Court previously vacated the hearing set for December 5, 2014, because Mr. Valdez appeared in person, the Court held an emergency hearing and counsel for Defendant appeared by telephone. At the hearing, the Court offered Mr. Valdez for his deposition, which Defendant's declined, and ordered Mr. Valdez to return on December 19, 2014 at 9:00 a.m. to answer the OSC. (Doc. 57). His deposition was again offered to defendant following the December 5 hearing and defendant again declined. Mr. Valdez returned to court on December 19. These actions demonstrate that Mr. Valdez was compliant during the pendency of the motion for contempt.

In determining whether to issue contempt sanctions, the Court examines the extent to which party has failed to comply during the pendency of the motion for contempt. *Bademyan*, 2009 U.S. Dist. LEXIS 21923, 2009 WL at 605789, 2. Mr. Valdez's subsequent appearances at Court, offers of deposition, and his attempts to keep counsel informed of his work conflict on the day of the deposition is evidence that he had made reasonable attemptes to comply with the Court's order. Furthermore, on that date, the Court offered Mr. Valdez for his deposition and defense counsel declined. In fact, since the filing of the motion for sanctions on November 7, 2014, there has been no attempt by defense counsel to take Mr. Valdez's deposition, or contact him in any way, although it has been offered by the Court and by Plaintiff's counsel.

On balance, the Court finds that Mr. Valdez has met his burden to show that he took reasonable steps to substantially comply with his deposition subpoena. Given the testimony before the Court, the Court cannot find that Mr. Valdez is uncooperative or unwilling to sit for his deposition. In fact, there is no dispute that Mr. Valdez made some effort to attend his deposition on the date

6

scheduled, as it was noted on the record, and it is defense counsel that is unwilling to reschedule Mr. Valdez's deposition.

Furthermore, although Defendants argue that Mr. Valdez's nonappearance resulted in significant costs, Defense counsel's appearance in Fresno was not fruitless because several other depositions took place at the same location.  In light of the fact that Mr. Valdez has established that  he took reasonable steps to comply with the subpoenas and this Court's order, the Court declines to recommend that the district court hold Mr. Valdez in civil contempt.

At the hearing, defense counsel requested that it be permitted to take Mr. Valdez's deposition. At no point in any of the motion procedings has defendant sought an opportunity to redepose Mr. Valdez.  Evidence before the Court expressly shows defendant did not want to redepose him.  The notice of motion does not request another deposition.  (Doc. 47.)  As the motion did not request his deposition and discovery has closed in this case, the Court DENIES the request.

In the Motion for Sanctions, defendant requested evidentiary sanctions against plaintiff for Mr. Valdez's failure to appear.  There is no evidence, however, that plaintiff procured Mr. Valdez's nonappearance. As a third party, Mr. Valdez's conduct is not attributed to plaintiff.  While there is some evidence that plaintiff's counsel may have represented Mr. Valdez in another proceding, it is undisputed that plaintiff's counsel does not represent Mr. Valdez in this proceding.  There is no evidence that plaintiff's counsel procured Mr. Valdez's nonappearance.  Accordingly, the request for evidentiary sanction is DENIED.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court RECOMMENDS as follows:

1.     Defendant's Motion to find non-party Mario Valdez in contempt and to award contempt sanctions should be DENIED. (Doc. 47).

Further, the Court ORDERS as follows:

1.     The November 25, 2014 Order to  Show Cause, directed to non-party Mario Valdez  is DISCHARGED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 22, 2014**                    /s/ *Barbara A. McAuliffe*
                                                   UNITED STATES MAGISTRATE JUDGE