UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE J. CURTIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BCI COCA-COLA ENTERPRISES BOTTLING COMPANIES,<br><br>　　　　Defendants.<br>_____ / | Case No. 1:13-cv-1939 AWI-BAM<br><br>FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S MOTION TO REMAND |

Plaintiff Maurice Curtis moves to remand this action back to Fresno County Superior Court. (Doc. 56.) Defendant BCI Coca-Cola Bottling Company of Los Angeles ("Defendant") filed an opposition on January 9, 2015. (Doc. 67). Plaintiff filed a reply brief on January 16, 2015. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing. For the reasons discussed below, the Court RECOMMENDS that the motion to remand be DENIED.

**BACKGROUND**

This case was filed in the Fresno County Superior Court on October 10, 2013, alleging claims of race-based employment discrimination. Defendant served its answer on November 26, 2013, and

1

on the basis of diversity jurisdiction, removed to this Court on November 27, 2013.[1] (Doc. 1). Upon removal, Defendant filed its Notice of Removal of Civil Action in this Court and served Plaintiff with its Notice of Removal that same day.

A year after this case was removed, Plaintiff brings this motion to remand based upon a lack of diversity. [2] Plaintiff argues that complete diversity does not exist between the parties. Plaintiff argues that he is a citizen of California and that his employer, Coca-Cola Enterprises, is really Odwalla, Inc., a California corporation. (Doc. 56 p. 3.) Plaintiff argues that both the employer and employee are citizens of the State of California, and therefore, there is not complete diversity.

## DISCUSSION

### A. Legal Standards for Removal and Remand

The removal statute provides: "[A]ny civil action brought in a[s]tate court of which the district courts of the United States have original jurisdiction" may be removed by a defendant to a federal district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679 (9th Cir.2006) (citations omitted). For the purposes of establishing diversity of citizenship, a corporation is deemed to be a citizen of every state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In determining whether diversity of citizenship exists and the removal was proper, the court considers the pleadings filed at the time of removal. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1085 n. 5 (9th Cir.2009).

---

[1] The Complaint also contained federal claims based upon violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e. (Doc. 1 p. 18-19.) The removal petition did not state that federal question was a basis of removal. (Doc. 1 p. 3.)

[2] Lack of subject matter jurisdiction may be raised "at any time before final judgment." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir.1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir.1985)). "The removal statute is strictly construed against removal jurisdiction," *id.*, and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (internal quotations omitted.) "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979)). Where a case is removed from state court, the removing defendant bears the burden of establishing federal jurisdiction, including the amount in controversy requirement. *Abrego*, 443 F.3d at 683. If the district court determines that it lacks jurisdiction, the action should be remanded back to the state court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**B.     The Court has Subject Matter Jurisdiction**

       **1.     Federal Question**

Here, the complaint removed to this Court contained two federal question claims. Both claims alleged violation of Title VII of the Civil Rights Act. (Doc. 1, Second Count and Third Count.) Thus, the Court would have had original jurisdiction over this case had it been filed in federal court. 28 U.S.C. §1331. Once the complaint containing federal claims was removed, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1441(a). Since the Court has original jurisdiction over the complaint, remand is inappropriate.

The court has discretion as to whether to retain cases, as long as federal jurisdiction actually exists at the time of removal. See e.g., *Maine Ass'n of Interdependent Neighborhoods v. Commissioner, Maine Dept. of Human Services*, 876 F.2d 1051, 1054 (1st Cir. 1989) (if jurisdiction lacking, remand (not dismissal) is required); *Sherman v. Sigma Alpha Mu Fraternity*, 128 F.Supp.2d

3

1  842, 846 (D MD 2001) (district court having subject matter jurisdiction had discretion to retain
2  jurisdiction over removed action despite objection based on procedural defect.)

3        The Petition for Removal did not identify federal question as a separate and independent
4  ground for jurisdiction, but that omission does not defeat this Court's jurisdiction.  As long as the case
5  itself was removable, the court can exercise jurisdiction despite defects in the manner in which the
6  removal was effected. *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1212–1213 (9th Cir. 1980);
7  *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006) ("Once a case has been
8  properly removed, the district court has jurisdiction over it on all grounds apparent from the
9  complaint, not just those cited in the removal notice.")

10       The Court is mindful that this case has been pending in federal court for over a year.  The case
11 has been hard fought and is currently nearing dispositive motion filing deadlines, the pretrial
12 conference, and trial.  Since this Court had original jurisdiction at the time of the removal and the
13 Court and parties have invested significant effort in preparing this case for trial, there is no legitimate
14 reason to remand.

15       **2.**      **Diversity Jurisdiction**

16       Even assuming federal question jurisdiction did not exist, remand would not be proper.

17       The removal petition was based upon diversity jurisdiction.  Pursuant to 28 U.S.C. § 1332,
18 federal district courts have original jurisdiction over civil actions in diversity cases "where the matter
19 in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of
20 different states."  On a motion to remand, defendant has the burden to prove by a preponderance of
21 evidence the existence of diversity. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

22       In his motion to remand, Plaintiff does not contest that the amount in controversy exceeds
23 $75,000. Rather, Plaintiff states that defendant is a citizen of California.  Plaintiff argues that
24 Defendant originally was sued as "Coca-Cola Enterprises Bottling Companies dba Coca-Cola Bottling
25 Company of Los Angeles."[3]  Plaintiff presents evidence that "Coca-Cola Enterprises, Inc." changed its

---

[3] The petition for removal identified that the named defendant was erroneously sued as "Coca-Cola Bottling Company DBA Coca Cola Bottling Company of Los Angeles," but that the true defendant is "BCI Coca-Cola Bottling Company of Los Angeles."  This correctly named defendant, BCI Coca-Cola Bottling Company of Los Angeles ("BCI"),

name to "Coca-Cola Refreshments" in or around 2010. (Doc. 56 p.3.) "Coca Cola Enterprises, Inc." was Plaintiff's employer. (Doc. 70, p. 5.) "Coca-Cola Refreshments" is a fictitious business name for "Odwalla, Inc." (*id.*) "Odwalla, Inc." is a California corporation, incorporated under the laws of California and duly registered with the California Secretary of State. Plaintiff therefore argues that there is not complete diversity between Plaintiff and Defendant.

The Court has reviewed the documentation submitted by Plaintiff (both moving and reply) and Defendant to substantiate who was Plaintiff's employer and the relationships/lack of relationships between the entities identified by Plaintiff in his motion. (Doc. 56-1 (Exh. 1-9) Doc. 67-1 (Exh. 1-13 ) Doc. 70-1 (Exh. 1-10).) Defendant has submitted documentary evidence which establishes that defendant BCI Coca-Cola Bottling Co. is Plaintiff's employer. Defendant submits copies of W-2 forms for Plaintiff's employment from 2007-2010 and all W-2 forms are issued with BCI Coca-Cola Bottling Co. as Plaintiff's employer. (Doc. 67-1, Exh. 12.) The notice of removal alleged that BCI is a corporation organized under the state of Delaware with its principal place of business in Georgia. Defendant BCI is the named defendant and has a citizenship different that Plaintiff.

Plaintiff admits that Plaintiff was employed by BCI Coca-Cola Bottling Company of Los Angeles as a delivery driver from June 2007 through January 2011. (See Doc. 8, para. 1, 38-39; Doc. 5 p. 2.) Since the evidence establishes that BCI Coca-Cola Bottling Company of Los Angeles is a Delaware corporation with its principle place of business in Atlanta, Ga. (See Doc. 67-1, Exh. 6), Defendant has carried its burden of establishing complete diversity between Plaintiff and Defendant.

While Plaintiff argues that through name changes and acquisitions, Odwalla, Inc., a California corporation, is his employer and Coca Cola Refreshments/Odwalla, Inc., are one in the same, there is no evidence that Odwalla, Inc. is his employer. The proper party to a claim of employment discrimination is Plaintiff's employer. See e.g., 42 U.S.C. §2000e(b, f). Plaintiff's W-2s establish that Plaintiff's employer is BCI Coca-Cola Bottling Company. Plaintiff admits that BCI Coca-Cola Bottling Company is his employer.

Plaintiff's evidence does not establish that the "Coca Cola Refreshments/Odwalla, Inc." is the

---

is a citizen of the State of Delaware with its principle place of business in Georgia. (Doc. 1 p. 4.)

same as "Coca-Cola Refreshments USA, Inc." (Doc. 67-1, Exh. 5.) "Coca-Cola Refreshments USA, Inc." is affiliated with the Coca Cola Company, and is also a Delaware corporation with its principle location in Atlanta, GA. (Doc. 67-1, Exh. 5.) Plaintiff's evidence does not establish that "Coca Cola Refreshments/Odwalla, Inc." is Plaintiff's employer.

**C.   Purported Non-Diverse Defendant**

In his reply brief, Plaintiff argues that allegations in the complaint against a non-diverse defendant, Valerie Bustamante, negated diversity jurisdiction. (Doc. 70, p. 1-3.) Plaintiff argues that, while Valerie Bustamante was not named as a defendant, the complaint contained allegations of wrongdoing against her. Plaintiff argues that "there is no evidence to suggest that Plaintiffs [sic] intended to abandon his action against her." (Doc. 70, p. 2.)

The Complaint, however, did not name Valerie Bustamante as a defendant in the caption. Rule 10(a) of the Federal Rules of Civil Procedure requires that Plaintiff specifically name each defendant in the caption of his complaint. See Fed.R.Civ.P. 10(a) ("The title of the complaint must name all the parties."). The caption listed "Coca-Cola Enterprises Bottling Companies, dba Coca Cola Bottling Company of Los Angeles and Does One through Twenty, inclusive." (Doc. 1 p. 12.) Thus, Bustamante was not identified as a defendant.

In the body of the complaint, Plaintiff defined the defendant as "Coca-Cola Enterprises Bottling Companies, dba Coca Cola Bottling Company of Los Angeles" and the Doe defendants. (Doc.1, Exh. A, para. 3, 4.) The complaint did not include or define Valerie Bustamante as a defendant and did not allege her citizenship. (Doc. 1 p. 15, "On or about November 2008, Valerie Bustamante, Distribution Supervisor for Defendant, became Plaintiff's supervisor.") Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff must provide "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." See e.g., *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir.2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Under Rule 8, Bustamante would not have been on fair notice that she was a defendant to any of the claims for relief, notwithstanding certain allegations of her conduct in the complaint. Indeed, Plaintiff acknowledges Bustamante was

6

not a defendant in the original complaint. Therefore, her non-diverse citizenship does not negate diversity.

**D.     Plaintiff's Request to Amend**

Plaintiff seeks leave to amend the complaint to delete federal claims. (Doc. 56 p. 5.) Plaintiff seeks to eliminate any federal claim and requests the court decline to exercise supplemental jurisdiction over the state law based claims.

The request to amend the complaint requires modifying the Scheduling Order. The Scheduling Order in this case provides that any amendment to the pleading must be filed by May 30, 2014. The request to amend is not brought within the time frame of the Scheduling Order.

Any relief ordered by this Court would require a modification of the scheduling order. Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed.R.Civ.P. 16(b)(3). Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed.R.Civ.P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir.1992). A scheduling order is "the heart of case management." *Koplove v. Ford Motor Co.,* 795 F.2d 15, 18 (3rd Cir.1986). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, 975 F.2d at 610.

The Ninth Circuit has clarified why the Rule 16 deadlines should be taken seriously:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir.2005); *see also, Singh v. Arrow Truck Sales, Inc.*, 2006 U.S. Dist. LEXIS 47917, 2006 WL 1867540, at * 2 (E.D.Cal., July 5, 2006) ("Rules are rules-and the parties must play by them. In the final analysis, the judicial process depends heavily on the judge's credibility. To ensure such credibility, a district judge must often be

1  firm in managing crowded dockets and demanding adherence to announced deadlines. If he or she sets
2  a reasonable due date, parties should not be allowed casually to flout it or painlessly to escape the
3  foreseeable consequences of noncompliance"), citing *Legault v. Zambarano*, 105 F.3d 24, 28–29 (1st
4  Cir.1997).

5        The Ninth Circuit is protective of this particular rule, as it deems Rule 16 to be an essential tool
6  in controlling heavy trial court dockets by recognizing the importance of a "district court's ability to
7  control its docket by enforcing a discovery termination date, even in the face of requested
8  supplemental discovery that might have revealed highly probative evidence, when the [party's] prior
9  discovery efforts were not diligent." *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1027
10 (9th Cir.2006). "The use of orders establishing a firm discovery cutoff date is commonplace, and has
11 impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order
12 should come as a surprise to no one." *Id.* As the Ninth Circuit has emphasized, "[d]istrict courts have
13 wide latitude in controlling discovery, and [their] rulings will not be overturned in the absence of a
14 clear abuse of discretion." Id. (citation and internal quotation marks omitted).

15       Here, Plaintiff has not argued good cause for modifying the Scheduling Order under Rule 16.
16 Modification of a scheduling order requires a showing of good cause, Fed.R.Civ.P. 16(b), and good
17 cause requires a showing of due diligence, *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609
18 (9th Cir.1992). Rather, Plaintiff relies upon Rule 15 and its liberal standard for amendments to
19 pleading.  However, since a Scheduling Order has issued, good cause must be shown to modify the
20 schedule.

21       Good cause does not exist to modify the scheduling order in this case. This case has been
22 pending in this Court for a year.  Indeed, Plaintiff amended the complaint twice since the case was
23 removed and both times were within the Scheduling Order deadlines.  Plaintiff's expressed desire to
24 litigate in state court does not provide good cause to modify the Scheduling Order.

25 **E.     Court Congestion**

26       Plaintiff argues that the Court should remand this case based upon court congestion.  The court
27 may remand a case to state court only for the reasons stated in § 1447(c) (procedural defects or lack of
28 subject matter jurisdiction).  A federal court may not remand a case, otherwise properly removed,

because its docket is overcrowded. *Thermtron Products, Inc. v. Hermansdorfer,* 423 US 336, 344–345, 96 S.Ct. 584, 590 (1976) ("It is indeed unfortunate if the judicial manpower provided by Congress in any district is insufficient to try with reasonable promptness the cases properly filed in or removed to that court in accordance with the applicable statutes."), *superceded by statute on other grounds*, 28 U.S.C. §1447(c). If jurisdiction exists and is properly invoked, the court has no discretion to remand. *Grote v. Trans World Airlines, Inc*., 905 F2d 1307, 1310 (9th Cir. 1990).

**CONCLUSION**

For the foregoing reasons, the Court hereby RECOMMENDS that Plaintiff's Motion to Remand BE DENIED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **January 20, 2015**              /s/ Barbara A. McAuliffe             
                                    UNITED STATES MAGISTRATE JUDGE