**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Maurice J. Curtis, | 1:13-cv-1939-AWI-BAM |
| Plaintiff, <br> v. | **ORDER DENYING PLAINTIFF'S MOTION FOR JURY TRIAL** |
| Coca-Cola Enterprises Bottling Companies, dba. Coca Cola Bottling Company of Los Angeles; and DOES One through Twenty, inclusive | **ORDER DECLINING TO IMPOSE SANCTIONS PURSUANT TO 28 U.S.C. § 1927.** |
| Defendants. | **(Doc. 65)** |

Plaintiff Maurice J. Curtis ("Plaintiff") has, yet again, filed a motion with this Court seeking a jury trial, rather than a court trial. Plaintiff's motion will be denied.

For a more complete procedural background of this case and this issue see generally, Doc 31 at 1-2 and Doc. 48 at 1-2. It is sufficient background for purposes of resolving the instant motion to note: Plaintiff filed his initial employment discrimination case in the Fresno County Superior Court without a jury demand. Defendant BCI Coca-Cola Bottling Company of Los Angeles ("Defendant") removed this action on the basis of diversity jurisdiction on November 27, 2013. This Court has already determined that the jury demand Plaintiff filed with this Court was untimely (Doc. 36 at 4; Doc. 48 at 1; see Doc. 13) and that it would not exercise its discretion under Rule 39(b) to order a jury trial (Doc. 36 at 7-8).

1

**A. Motion for Jury Trial**

The instant motion seeks a jury trial pursuant to FRCP 39(b). Plaintiff's motion articulates no basis other than those already considered by the Magistrate Judge and by this Court. (Doc. 36; Doc. 48.) Further, as Plaintiff has pointed out, courts in the Ninth Circuit have narrow discretion to order a jury trial upon a party's failure to make a timely jury demand. (Doc. 65 at 3 (citing Lewis v. Time, Inc., 710 F.2d 549, 556-557 (9th Cir. Cal. 1983).) Plaintiff failed to articulate the standard applied in the Ninth Circuit, despite the fact that the Magistrate Judge had already correctly done so when considering the nearly identical argument from Plaintiff in an earlier instance; "[a]n untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown." (Doc. 36 at 7 (citing Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., 239 F.3d 1000, 1002 (9th Cir. 2001).) The Magistrate Judge also outlined the failures in Plaintiff's prior pleading that led to the denial:

> Plaintiff has failed to present any evidence demonstrating that Counsel's lack of admission to this district hindered Plaintiff's efforts to provide notice of timely jury demand. Plaintiff did not provide evidence of efforts undertaken to gain admission. Plaintiff did not provide any supporting evidence establishing when Counsel applied for admission to this district and has not alleged that Counsel was diligent in seeking admission. Indeed, Admission to the Eastern District of California is not complicated. Counsel's failure to timely apply to practice this district simply does not warrant any grant of relief by this Court.
>
> Further, Counsel was not precluded from serving Defendant with a jury demand prior to her admission to this Court. Fed. R. Civ. P. 81(c)(B)(ii) only requires that a party "serve a demand" within 14 days after being served with a notice of removal filed by another party. There is no evidence from which the Court can conclude that relief is warranted. Accordingly, the Court will not exercise its discretion.

(Doc. 36 at 7.) Here, Plaintiff has abandoned the argument that he was inhibited from making a timely jury demand by Counsel's lack of admission to the district. Rather, he argues that the failure to make a timely jury demand did not result "solely from inadvertence or oversight" because Counsel "simply did not contemplate that absent effective removal, a state jury trial demand would not be honored," based on the limited caselaw related to the impact of a defendant's failure to file a notice of removal. (Doc. 65 at 4.) As the Magistrate Judge correctly noted, Rule 81(c)(3)(B) provides that a jury demand must be made after a party is served with a

notice of removal. It does not concern itself with whether a notice of removal is filed at the state court level. See Fed. R. Civ. Proc. 81(c)(3)(B)(ii). Plaintiff's failure to file a jury demand was "not caused by inadvertence" only insofar as it was caused by Plaintiff's ignorance of the law. Neither is cause for relief. Pac. Fisheries Corp., 239 F.3d 1002-1003 ("A good faith mistake of law is no different than inadvertence or oversight.")  Accordingly, this Court will not exercise its discretion to grant Plaintiff a jury trial.

**B. Sanctions**

Because this Court has addressed this issue twice before yet Plaintiff has again brought the same question before the Court, Defendant has requested that this "Court consider imposing sanctions against Plaintiff's counsel under 28 U.S.C. § 1927." (Doc. 72 at 3.) Section 1927 authorizes the Court to require an attorney who multiplies the proceedings unreasonably or vexatious to satisfy the excess costs, expenses, and attorneys' fees reasonably incurred as a result of such conduct. 28 U.S.C. § 1927. In addition, pursuant to the Court's Local Rules, this Court has the authority to impose any appropriate sanction to curtail abusive or vexatious litigation tactics. See E.D. Cal. L.R. 110 ("Failure of counsel … to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.") Sanctions "are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." Fink v. Gomez, 239 F.3d 989, 993–94 (9th Cir. 2001); see Gomes v. American Century Companies, Inc., 2010 WL 1980201 at *3 (E.D. Cal. 2010) (noting that the Ninth Circuit has required a finding of subjective bad faith, which is present when counsel knowingly or recklessly raises a frivolous argument). Courts have "broad fact-finding powers to grant or decline sanctions" warranting "great deference." Smith v. Lenches, 263 F.3d 972, 978 (9th Cir. 2001) (citing Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997)).

The Court would not be without support to require Plaintiff's counsel to personally satisfy the costs, expenses, and attorneys' fees that Defendant has incurred as a result of Counsel's repeated groundless and untimely attempts to move the Court to grant a jury trial. See

e.g., Jones v. Hirschfeld, 348 F.Supp.2d 50, 62 (S.D. N.Y. 2004) (recognizing that a second request for a jury trial brought without any change in law or circumstances that had been addressed thoroughly by the court in a previous decision warranted sanctions under Section 1927). However, this Court declines to impose sanctions because it appears that Plaintiff's counsel has not filed the instant motion in bad faith, with recklessness, or for an improper purpose. Rather, Plaintiff's counsel appears – yet again – to have merely inadvertently misunderstood the law.

**C. Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for jury trial is DENIED with prejudice; and
2. This Court DECLINES to impose sanctions against Plaintiff's counsel.

IT IS SO ORDERED.

Dated:   February 10, 2015                              _____
                                                                               SENIOR DISTRICT JUDGE